**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Fritz Artz SPRINGMEIER, Defendant—Appellant.**

No. 03–30534.

D.C. No. CR–02–00024–JAR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 17, 2004.

Decided Oct. 14, 2004.

Frank Noonan, Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Noel Grefenson, Storkel & Grefenson, P.C., Attorneys at Law, Salem, OR, for Defendant–Appellant.

Before WALLACE, GOULD, and BEA, Circuit Judges.

## MEMORANDUM *

Defendant–Appellant Fritz Artz Springmeier appeals from his conviction for committing a bank robbery in violation of 18 U.S.C. § 2113(a), (d) and for the use of a firearm during the commission of that bank robbery in violation of 18 U.S.C. § 924(c)(1)(A). We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm Springmeier's conviction. Because the parties are familiar with the facts and procedural history, we do not recite them in detail here.

Springmeier first contends that there was insufficient evidence to support his conviction for violating 18 U.S.C. § 924(c)(1)(A) by aiding and abetting his co-defendant's use of a firearm during the commission of the bank robbery and, therefore, that the district court erred in denying his motion for judgment of acquittal on this count. "We review de novo the district court's denial of a motion for judgment of acquittal based upon insufficient evidence," and "ask whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Hursh*, 217 F.3d 761, 767 (9th

Cir.2000) (internal quotation marks omitted).

To sustain a conviction for aiding and abetting the use of a firearm, the prosecution must prove "a specific intent to aid the firearms crime and some act that facilitates or encourages that crime." *United States v. Nelson*, 137 F.3d 1094, 1103 (9th Cir.1998) (internal citation omitted). Circumstantial evidence that "a defendant knew before the crime that a gun would be used and acted to facilitate or encourage that use" can support a finding of specific intent to aid and abet use of a firearm. *Id.* at 1103–04.

Here, there was sufficient evidence for a rational trier of fact to find beyond a reasonable doubt that Springmeier "knew before the crime that a gun would be used and acted to facilitate or encourage that use." *See id.* Accordingly, the district court's denial of Springmeier's motion for a judgment of acquittal is affirmed.

Springmeier also contends that the Government violated Springmeier's Fifth Amendment right against self-incrimination and Sixth Amendment rights to jury trial and assistance of counsel when in its rebuttal closing argument, the Government suggested that Springmeier had informed his counsel of details of the bank robbery—which only a participant in the robbery would have known—and thereby implicated Springmeier in the robbery. Because Springmeier did not object at trial to the Government's comment, we review for plain error. *United States v. Jones*, 84 F.3d 1206, 1211 (9th Cir.1996).

The Government's statement did not seriously affect the "fairness, integrity, or public reputation of judicial proceedings," and thus was not plain error. *See United*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*States v. Anderson,* 201 F.3d 1145, 1149–50 (9th Cir.2000).

**AFFIRMED.**